## AARON vs. BAYNE.

Although a vendor of land merely gives a bond to make titles on pay-
ment of the purchase money, thus retaining in himself the legal
title, yet his widow is not entitled to dower in the land.

Dower, from Newton county. Decision by Judge CAB-
ANISS, at September Term, 1858.

This was an application for dower on the part of Rob-
ert Bayne, and Martha C. Bayne, his wife, formerly Mar-
tha C. Dunn, widow of William G. Dunn, deceased, late
of the county of Jasper.

The petition stated that William G. Dunn, deceased, the
late husband of Mrs. Bayne, departed this life testate on
the 6th January, 1856, and that letters testamentary were
granted to James C. Aaron—that during the coverture
and at the time of his death, testator was seized and pos-
sessed of a lot of land situated in the county of Newton,
containing two hundred two and a half acres—that Mrs.
Bayne had not relinguished her right of dower in and to
said lands; nor had there been any estate of her late hus-
band conveyed, allowed or assigned to, or received by
her in lieu of dower in said premises.

It appeared at the trial, that William G. Dunn, the
late husband of Mrs. Bayne, in his life time, to wit, on
the 26th November, 1853, sold the lot of lands in ques-
tion to Benjamin T. Tuggle, and executed and delivered
to him bond for titles. Tuggle assigned and transferred
this bond to one Mitchell Aaron, on the 19th day of Au-
gust, 1856. Tuggle gave his notes for the purchase money
at the time he received the bond, and was in possession
two years before Dunn's death. The land was in fact sold
by Tuggle to James C. Aaron, the executor, but it was

arranged that the bond should be transferred to, and the titles pass through, Mitchell Aaron. The notes for the purchase money were not paid until after Dunn's death, and then they were paid or taken up by this sale of the land to James C. Aaron. There had been a payment in some corn made on one of the notes for the purchase money, by Tuggle, in the lifetime of Dunn.

The court held and adjudged that Mrs. Bayne as the widow of said William G. Dunn, deceased, was entitled to dower in the premises in question. To which decision and judgment the defendant, James C. Aaron, excepted.

FLOYD, for plaintiff in error.

CLARK & LAMAR, contra.

*By the Court.*—BENNING, J., delivering the opinion.

Was the widow of Dunn entitled to dower in the land? This is the question. The court below held that she was.

Dunn had sold the land to Tuggle, and given to Tuggle his bond with a condition to make Tuggle a title, when the purchase money should be paid. At Dunn's death, the greater part of this was still unpaid. After his death, this balance was paid to his administrator.

These things being so, the effect was to make Dunn hold the legal title to the land, as trustee, for Tuggle, or his assignee. And such a title is not subject to dower. "But upon the establishment of trusts, it became settled that trustees only held the legal estate for the benefit of the *cestui que trust;* and that *the legal estate was not subject to any of the incumbrances of the trustees;* to their specialty or judgment debts; to the dower of their widows, or the courtesy of their husbands." (1 Cruise's Dig. Tit. 12, ch. 4, sec. 2.) This position of Cruise, seems well supported by the decisions which he cites. (See Hill on

-Trustees, 269, and the cases cited; 2, Sug. on Vend. & -Pur. 215.)

We think, then, that the decision of the court below was erroneous. We think that the widow was not entitled to dower in the land.

Judgment Reversed.